
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARRISON S. JOHNSON, | No. 13-16752 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01918-LJO-DLB |
| v. | |
| JEFFREY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation;* KELLY HARRINGTON, Warden, | MEMORANDUM** |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 22, 2014***

Before:     GOODWIN, CANBY, and CALLAHAN Circuit Judges.

---

\*      Jeffrey A. Beard, Secretary of the California Department of Corrections and Rehabilitation, is substituted for his predecessor pursuant to Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Garrison S. Johnson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an equal protection violation in connection with the election process for the Inmate Advisory Council. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Hamilton v. Brown*, 630 F. 3d 889, 892 (9th Cir. 2011), and for an abuse of discretion the district court's dismissal of a complaint without leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We vacate and remand.

The district court properly dismissed Johnson's action because Johnson failed to allege facts showing that defendants discriminated against him because of his race. *See Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (setting forth requirements for § 1983 equal protection claim based on membership in a protected class); *see also DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (bare allegations of state action cannot defeat a motion to dismiss; rather, plaintiff must allege facts showing that defendants acted under color of state law or authority).

Dismissal without leave to amend was premature, however, because it is not absolutely clear that the deficiencies of Johnson's complaint "could not possibly be cured" by amendment. *Lopez*, 203 F.3d at 1130. Accordingly, we vacate the

13-16752

judgment and remand to allow Johnson an opportunity to file an amended complaint.

We do not consider issues raised for the first time in the reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Defendants' motion for judicial notice, filed on January 21, 2014, is granted.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

13-16752